IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-73,207-01




EX PARTE JOE BRADSHAW, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 05F0385-202 IN THE 202ND DISTRICT COURT
FROM BOWIE COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty years’ imprisonment. The Sixth Court of Appeals affirmed his conviction. Bowie
v. State, 244 S.W.3d 490 (Tex. App.–Texarkana 2007, pet. dism’d).
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by failing
to object to an erroneous jury charge which did not require jury unanimity on the issue of sudden
passion. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000); Sanchez v.
State, 23 S.W.3d 30 (Tex. Crim. App. 2000); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1984). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact. The trial court ordered an affidavit from trial counsel prior to sending this application to this
Court. However, trial counsel did not respond. 
            The trial court shall obtain a response from trial counsel, and shall make a finding as to
whether counsel’s failure to object was based on reasonable trial strategy. If the trial court elects to
hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether counsel’s failure to object to the
charge was deficient or was based on reasonable trial strategy. If the trial court finds counsel did not
have a reasonable trial strategy for failing to object to the jury charge, then the court shall determine 
whether Applicant was prejudiced under the second prong of Strickland. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: January 27, 2010
Do not publish